Heimbaugh v. Hitchcock.

---

No. 24,917.

C. S. HEIMBAUGH, *Appellee,* v. C. O. HITCHCOCK, *Appellant.*

SYLLABUS BY THE COURT.

CORPORATIONS—*Conduct of Majority Stockholder to Disadvantage of Minority Stockholders—Liability of Majority Stockholders to Minority Stockholders for Losses.* A stockholder who owns all of the preferred stock and a large majority of the common stock in a corporation and who at a stockholders' meeting, not attended by the minority stockholders, votes to cancel the preferred stock and in lieu thereof to issue common stock to himself and secures such cancellation and issue of stock to his own financial advantage and a corresponding disadvantage to the minority stockholders, is liable to the latter for the losses sustained by them.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed January 12, 1924. Affirmed.

*J. R. Beeching, J. F. Rhodes,* and *W. H. Burnett,* all of Hutchinson, for the appellant.

*C. M. Williams,* and *D. C. Martindell,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment in favor of the plaintiff for $1,100 in an accounting between the plaintiff and the defendant, stockholders in the Hutchinson Implement Company, a corporation organized under the laws of this state.

The corporation was organized with a capital stock of $10,000, consisting of fifty shares of common stock of the par value of $100 each and fifty shares of preferred stock valued at $100 each. C. O. Hitchcock owned all of the preferred stock and forty-six shares of the common stock and controlled all the remainder of the common stock except one share owned by the plaintiff. In the course of time, the common stock reached a value of $1,100, while the preferred stock remained at par. In February, 1920, at a meeting of the stockholders, not attended by the plaintiff, it was voted to retire the

preferred stock, held by the defendant, and to issue to him fifty shares of common stock in lieu thereof. A resolution to amend the charter of the corporation to that effect was then adopted. The preferred stock was cancelled, and common stock was issued in its place. The effect of retiring the preferred stock held by the defendant Hitchcock and issuing to him common stock in lieu thereof was to increase greatly the value of the preferred stock and to decrease the value of the common stock from $1,100 to about $600 for each share. Afterward, C. O. Hitchcock contracted to sell to T. R. Withroder one hundred shares of the common stock of the corporation. This included the share held by the plaintiff.

The journal entry of judgment contains findings of fact as follows:

"The court finds that the plaintiff is the owner of one certificate of stock in the Hutchinson Implement Company, said certificate of stock being No. 7, and dated the 28th day of December, 1916, that the value of said certificate of stock at this time is the sum of $1,100.00.

"The court further finds that the defendant, C. O. Hitchcock sold the assets and stock of the Hutchinson Implement Company for $60,000.00, that there should be deducted from said sale the sum of $5,000.00 being the preferred stock in said company and that the balance should be proportioned among the original stockholders of the common stock of 50 shares of said company, plaintiff's share amounting to $1,100.00."

The court rendered judgment—

"That the plaintiff do have and recover of and from the defendant the sum of $1,100.00 with interest at 6% from this date and for costs of this action taxes at $17.80; that plaintiff be required to deposit with the clerk of the district court his certificate of stock in The Hutchinson Implement Co., the same being certificate No. 7, to be delivered to plaintiff [defendant] upon the payment of said judgment."

In commenting on this case, the trial court said:

"It does not appear right and I do not think the law authorizes or will permit a transaction of the kind shown by the testimony in this case; that is: a transaction by which preferred stock worth $100.00 a share is converted into common stock worth $600.00 a share and reducing the then outstanding value of common stock at least one-half. I believe such a transaction is absolutely void. Especially is this true where it took the active coöperation and vote of the party owning the preferred stock as a director, officer, and stockholder to carry out such a scheme, and I, therefore, find for the plaintiff and hold that upon his surrendering his share of stock he would be entitled to one-fiftieth of all the other assets of the corporation whatever they may be, if any.

"I take it this suit is in effect a confirmance and ratification of the sale and transfer to Withroder by Hitchcock, and it is therefore in the nature of an

accounting, and as he has in effect affirmed the sale he should upon payment of his proportion of the proceeds, deliver the stock if requested."

We quote from 6 Fletcher's Cyclopedia Corporations. Section 3997, in part, is as follows:

"The right of the majority stockholders to control the corporation is subject to the qualification that they must act in good faith and for the interests of the corporation. Acts of a majority, whether a ratification of acts of corporate officers or original transactions, are not binding on the minority where fraudulent. . . .

"Fraud need not be shown as a fact nor need the individual stockholders be actuated by any fraudulent intent, but it is sufficient that the existence of fraud is the necessary legal inference from facts found."

Section 3998, in part, reads as follows:

"Of course, a majority of the stockholders, no matter how large, has no right to divert to itself assets of the company to the detriment of minority stockholders."

Section 3999 reads:

"The majority stockholders cannot divide the assets among themselves to the exclusion of the minority. This is so apparent that exhaustive citation of authority is useless."

In 3 Cook on Corporations, 7th ed., 3d subdivision of section 662, is found a resume of the law which governs the conduct of majority toward minority stockholders in corporations and which fully supports the rules stated by Fletcher.

Hitchcock, who controlled this corporation, could not, by the stock transaction in which he engaged, increase the value of the preferred stock held by him at the expense of the plaintiff.

The judgment is affirmed.